WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Kandik,<br><br>      Plaintiff,<br><br>vs.<br><br>Wyeth LLC, et al.,<br><br>      Defendants. | No. CV 10-762-TUC-JGZ (HCE)<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion For Leave To File Plaintiff's First Amended Complaint (Doc. 31). Defendants have filed a Response (Doc. 33) and Plaintiff has filed a Reply (Doc. 36). For the following reasons, the Court grants Plaintiff's Motion.

### I.    FACTUAL & PROCEDURAL HISTORY

Plaintiff alleges that her use of hormone replacement therapy (hereinafter "HRT") drugs for treatment of menopausal symptoms caused her breast cancer. (Complaint (Doc. 1), ¶¶1.01, 4.01). Plaintiff alleges negligence, negligence per se, gross negligence/malice, strict liability, misrepresentation and fraud, and breach of warranties. (Complaint). Plaintiff's case has been pending previously in multidistrict litigation in the Eastern District of Arkansas. (*Id.* at ¶1.01). In 2010, this action was remanded to the District of Arizona, and Plaintiff filed her Complaint with this Court on December 15, 2010. (*Id.*; Doc. 1-2). Plaintiff's claim has yet to be adjudicated.

Plaintiff has filed a timely motion seeking to amend her Complaint. (Doc. 31; *See* Scheduling Order (Doc. 26)).

## II. DISCUSSION

Plaintiff seeks to amend her Complaint in response to Defendants' affirmative defense based on the statute of limitations. (Motion, p. 2) In her proposed amended complaint, Plaintiff seeks to affirmatively plead that: (1) the lawsuit is timely filed within the applicable statute of limitations under the discovery rule (Motion, Exh.A, ¶5.22); and (2) the statute of limitations is tolled under the fraudulent concealment doctrine. (*Id.* at ¶5.23).

The Federal Rules of Civil Procedure provide that "the court should freely give leave [to amend the complaint] when justice so requires." Fed.R.Civ.P. 15(a)(2). The United States Supreme Court has made clear that "this mandate is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [s]he ought to be afforded an opportunity to test h[er] claim on the merits." *Id.* However, leave to amend may be denied in circumstances of undue delay, bad faith, futility of amendment, failure to cure deficiencies by amendments previously allowed, and prejudice to the opposing party. *Id.*; *Western Shoshone Nat'l. Council v. Molini,* 951 F.2d 200, 204 (9th Cir. 2001)*; Howey v. United States,* 481 F.2d 1187 1190 (9th Cir. 1973). The most important of these factors is prejudice to the opposing party. *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir. 1990). The party opposing amendment bears the burden of proving prejudice. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir. 1987). Whether to grant or deny a request to amend the complaint is a matter within the Court's discretion. *Foman,* 371 U.S. at 182.

Defendants oppose Plaintiff's Motion because Plaintiff has amended her complaint on four prior occasions while it was pending as part of other lawsuits combined with other plaintiffs. (Response, pp. 1-2 & n.1). Defendants also argue that Plaintiff's attempt to amend the complaint in this instance is futile. (*Id.* at pp. 2-6).

Defendants point out that during the course of the prior lawsuits in which Plaintiff's claim was included, the complaints in those actions were amended four times. However, Plaintiff has not previously sought to amend her Complaint in this specific action, wherein she is the only named Plaintiff. Defendants do not argue that the instant request to amend

is made in bad faith, is dilatory, or prejudicial. Given the unique circumstances of this case together with the mandate that leave to amend shall be freely given, the fact of the prior amendments does not defeat Plaintiff's Motion.

Defendants also contend that Plaintiff has not alleged sufficient facts in her proposed amendment to entitle her to tolling of the statute of limitations based on either the discovery rule or a theory of fraudulent concealment. Plaintiff counters that the applicability of the discovery rule and the fraudulent concealment doctrine are factual questions and that Defendants mistakenly rely on Ninth Circuit case law, rather than Arizona cases, to support their argument that the allegations of fraudulent concealment are futile. (Reply, pp. 3-6). "A proposed amendment is futile and will be denied only if no set of facts can be proved under amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988). At present, the question whether Plaintiff's claims are time barred is not squarely before the Court. On the instant record, the parties' arguments are primarily directed to the merits of a statute of limitations defense and Plaintiff's potential response thereto. That is not the issue to be decided here. At this stage in the proceeding, upon consideration of the facts generally pled by Plaintiff, the Court does not find that the proposed amendment would be futile. Instead, the statute of limitations issue, including Plaintiff's reliance, if any, on the discovery rule and/or the fraudulent concealment doctrine are best tested on dispositive motion if and when such motion is appropriate.

Accordingly, IT IS ORDERED that Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint (Doc. 31) is GRANTED. Plaintiff shall file and serve her First Amended Complaint within ten (10) days of the date this Order is filed.

DATED this 1st day of November, 2011.

_____
Héctor C. Estrada
United States Magistrate Judge